Alcie **FLETCHER**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17946.

United States Court of Appeals Ninth Circuit.

Jan. 31, 1963.

John J. Doherty, San Francisco, Cal., for appellant.

Brockman Adams, U. S. Atty., Ronald G. Neubauer, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and TAYLOR, District Judge.

**FRED M. TAYLOR, District Judge.**

Appellant was tried and convicted of an offense in violation of Title 26 U.S.C. § 4705(a).[1]

On appeal to this court appellant specifies as error the trial court's denial of his motion for a new trial and the denial of his motion for a mistrial.

1. 26 U.S.C. § 4705(a):
   "It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary [of the Treasury] or his delegate."

2. Testimony of Edward James Landry:
   "MR. NEUBAUER: I have no further questions.
   "MR. BURNS: That's all.
   "THE COURT: Just a moment. The Court wants to know something. Will you hand the witness the box containing these various exhibits here.
   (The exhibits were handed to the witness.)
   "THE COURT: I want you to select the bottles from that tray that were in the bag at the time you opened it.
   "A. These are aspirins.
   "THE COURT: I didn't ask you that. I just asked you to pick out the bottles that were in there at the time you opened the bag.
   (Witness examines bottles.)
   "THE COURT: Why are you opening each one and pouring the contents out into your hand at this time?
   "A. Because I want to be sure.
   "THE COURT: You didn't have to do that when you testified before. You testified positively that they were the ones without opening them. Was there some doubt in your mind before?
   "A. Well, there was so many bottles then.
   "THE COURT: Was there some doubt in your mind?
   "A. There was no doubt in my mind.
   "THE COURT: Don't raise your voice to me, now.
   "A. Well,—
   "THE COURT: Don't raise your voice to me.
   "A. Well, there was no doubt in my mind that those were the bottles.

Appellant's principal defense witness, Edward James Landry, was interrogated by the trial judge who also made a comment in regard to the testimony of this witness.[2] On cross-examination of the same witness the Assistant United States Attorney propounded an argumentative question to which an objection was made by defense counsel and sustained by the

"THE COURT: What is there about those particular bottles that you are able to identify them?
"A. I'm able to identify the bottles theirselves, but there was more bottles than that. That's only a few of the bottles.
"THE COURT: All right. Without looking at the bottles, then tell me the shapes of the bottles you saw and the colors of them.
"A. You have the small bottle, which is liquid codeine. You have the large bottles with the larger pills in them.
"THE COURT: At the time you looked in the bag did you look in each bottle and pour the contents out and see what was in it?
"A. I opened some of the bottles, not all the bottles.
"THE COURT: Don't raise your voice to me now.
"A. Well,—
"THE COURT: I'm asking you what you did.
"A. Well, I looked into the bag and I opened a few of the bottles.
"THE COURT: You opened up just a few of the bottles?
"A. I opened up a few of the bottles.
"THE COURT: How many bottles did you open?
"A. Oh, about as many as I opened there.
"THE COURT: What was your purpose in opening them?
"A. Oh, I just wanted to open them. Anything wrong with that?
"THE COURT: Well, the jury may give the testimony more credence than I do.
"MR. BURNS: Your Honor, I'll have to object to that.
"THE COURT: You may object.
"MR. BURNS: And move it be stricken, and also to ask for a mistrial at this time.
"THE COURT: Denied."

court.[3] The witness had previously testified in regard to his criminal record referred to in this question.

The question presented here is whether, because of the trial court's participation in the examination of the witness, Edward Landry, and the cross-examination of this witness by the prosecuting attorney, the appellant was deprived of a fair trial. Appellant contends that the court's examination of his key witness and his comment showed a hostile attitude toward appellant and was so prejudicial to his defense that he did not have a fair trial. An examination of the court's interrogation of the witness reveals that he was attempting to ascertain what facts were within the knowledge of the witness. If any prejudice resulted it was due to the witness and not the trial judge. It is within the province of a federal trial judge to interrogate witnesses and also to comment on their testimony if he so desires. The comment of the trial judge made at the conclusion of his interrogation could be interpreted only to mean that even though he did not give the testimony much credence the jury might give it more than he did. In effect, the court stated that it was for the jury to believe or disbelieve the testimony of the witness.

In charging the jury the trial judge repeatedly instructed the jury in regard to its function as the sole finder of the facts from the evidence. He also instructed the jury to disregard any questions or answers to which an objection was sustained by the court and that the jurors were the sole judges of the credibility of the witnesses and the weight their testimony deserved. He further instructed that the jurors were not to be controlled by any opinion or comment that the court may have expressed nor by the arguments of counsel. He cautioned the jury "that nothing in these instructions, nothing in the comments of the court during the trial of this case, nothing in any form of verdict prepared for your convenience, is to suggest or convey in any way or manner any intimation of any kind as to what I think your verdict should be. What the verdict shall be is the sole and exclusive duty and responsibility of you, the jury."

It must be assumed that the jury followed the instructions of the court in resolving the case and in so doing the participation by the trial judge in the trial of the case could not have been prejudicial. The record reveals that there is an abundance of evidence to justify the conviction. Any other verdict would not have been realistic.

The problem presented here is analogous to the one presented in the case of Smith v. United States, 305 F.2d 197 (9th Cir., 1962), cert. denied 371 U.S. 890, 83 S.Ct. 190, 9 L.Ed.2d 124, and it is controlling here. Judge Hamley, speaking for the court, stated:

"A federal trial judge, as has many times been said, is more than a moderator or umpire. He has the responsibility to preside in such a way as to promote a fair and expeditious development of the facts unencumbered by irrelevancies. He may assist the jury by commenting upon the evidence and this may include an appraisal of the credibility of witnesses, providing the comment is fair and the jury is clearly instructed that they are to find the facts and may disregard such comments.

"In fulfilling this responsibility during the stress of a criminal trial,

---

3. Cross-examination of Edward James Landry by the prosecuting attorney:
  "A. I have identified this bag, sir.
  "Q. How are you sure that this is the bag?
  "A. I'm sure this—I would stake my life on it, stake my mother and my wife and my children and everything else on it that this is the bag.

  "Q. That kind of statement doesn't mean too much with the record of your convictions, does it, Mr. Landry?
  "Mr. BURNS: Oh, your Honor, I object.
  "THE COURT: Objection sustained.
  "A. It is the truth."

few, if any judges can altogether avoid words or action, inadvertent or otherwise, which seem inappropriate when later examined in the calm cloisters of the appellate court. But unless such misadventures so persistently pervade the trial or, considered individually or together, are of such magnitude that a courtroom climate unfair to the defendant is discernible from the cold record, the defendant is not sufficiently aggrieved to warrant a new trial." See also Duke v. United States, 255 F.2d 721 (9th Cir., 1958), cert. denied 357 U.S. 920, 78 S.Ct. 1361, 2 L.Ed. 2d 1365.

Appellant does not contend that the prosecutor's argumentative question standing alone is sufficient to warrant a reversal but does urge that the combination of the colloquy between the trial judge and the witness is sufficient. We do not agree. Cf. Darby v. United States, 283 F.2d 896 (10th Cir., 1960).

The judgment is affirmed.