**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Larry CARLOS, Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles Steven BAKER, Defendant-**
**Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Larry CARLOS and Charles Steven**
**Baker, Defendants-Appellants.**

Nos. 72–2652, 72–2653 and 72–3071.

United States Court of Appeals,
Ninth Circuit.

May 7, 1973.

Rehearing Denied June 8, 1973.

378

J. Benedict Zderic (argued), Tacoma, Wash., for appellant Carlos.

Ronald J. Meltzer (argued), Seattle, Wash., for appellant Baker.

Michael R. Alfieri (argued), Moschetto & Alfieri, Seattle, Wash., J. Benedict Zderic, Tacoma, Wash., for appellants Baker and Carlos.

Irwin Schwartz, Asst. U. S. Atty. (argued), Stan Pitkin, U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before HUFSTEDLER and CHOY, Circuit Judges, and HARRIS,* District Judge.

CHOY, Circuit Judge:

This is an appeal from criminal convictions, after a jury trial, for distributing narcotics. Baker and Carlos both contend that they were denied a fair trial because of prejudicial comments made by the district court.[1] We affirm.

The charges against Baker and Carlos stemmed from two separate undercover investigations by federal agents. Two agents testified at trial that they purchased heroin and cocaine from Carlos on two occasions. They also testified that, during one of these sales, heroin was delivered to Carlos by Baker. In addition, the evidence showed that a search of Baker's apartment uncovered narcotics and other paraphernalia, and when Baker was arrested he was caught in the process of manicuring heroin.

The only controverted issue at trial related to the identification of Baker in regard to the delivery of heroin to Carlos, Baker's defense being mistaken identity and alibi. Baker claimed that at

the time of the transaction he was vacationing in Hawaii under an assumed name. Baker produced three alibi witnesses who supported his claim, but the witnesses tended to contradict each other and they did not agree on the date he was supposed to have returned from Hawaii. Moreover, the two government agents were positive that Baker had participated in the sale during the time he claimed to be in Hawaii. This apparent contradiction led the trial court to admonish the jury in the instructions that there had been perjury in the testimony presented. The propriety of this comment is the only issue raised on appeal.

The entire passage relating to witness credibility was as follows:

You, members of the jury, are the sole judges of the credibility of the witnesses and of what weight is to be given to the testimony of each. In determining what credit is to be given any witness you may take into account his ability and opportunity to observe, his memory, his manner and appearance while testifying, any interest, bias or prejudice he may have, the reasonableness of his testimony considered in the light of all the evidence, and any other factors that bear on believability and weight.

Members of the jury, *I would be remiss in my duty if I did not inform you that I believe there has been substantial perjury in this case. In my long tenure as a judge of this court seldom have I encountered what I believe to be perjury from so many witnesses.* For this reason and in the interest of justice I suggest that you consider and weigh the testimony most carefully. In this connection I desire to emphasize, however, as I indicated earlier, that you are the sole judges of

* The Honorable George B. Harris, Senior United States District Judge for the Northern District of California, sitting by designation.

1. Three months after judgment, Carlos and Baker moved for a new trial based on

newly discovered evidence. This motion was denied and a separate appeal was filed. Appellants now concede that there is no merit to that appeal. We, therefore, affirm the judgment in No. 72–3071 without further comment.

the facts. In ascertaining the facts you are the sole judges of the credibility of the witnesses and of what weight is to be given the testimony of each. As the sole and exclusive arbiters of the facts you are at liberty to believe or disbelieve a witness irrespective of any remark the court has made or which you think the court has made during the trial, and irrespective of any opinion you may have as to whether the court believes or disbelieves the witnesses. (emphasis added.)

■ Baker and Carlos object to the portion of the charge italicized above. Although the court did not indicate which witnesses had given the perjured testimony, the appellants claim that it was clear in context that its alibi witnesses were being criticized.

"In charging the jury, the trial judge is not limited to instructions of an abstract sort. It is within his province, whenever he thinks it necessary, to assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence, by drawing their attention to the parts of it which he thinks important; and he may express his opinion upon the facts, provided he makes it clear to the jury that all matters of fact are submitted to their determination." Quercia v. United States, 289 U.S. 466, 469, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1932). This assistance to the jury may include a general appraisal of the credibility of witnesses, or the singling out of a specific witness. Smith v. United States, 305 F.2d 197, 203–205 (9th Cir. 1962); United States v. Jones, 148 U.S. App.D.C. 201, 459 F.2d 1225, 1227 (1972).

■ ■ But this privilege of the judge to comment on the credibility of witness-es has its inherent limitations. "His discretion is not arbitrary and uncontrolled, but judicial, to be exercised in conformity with the standards governing the judicial office." Quercia, supra 289 U.S. at 470, 53 S.Ct. at 699. The trial judge must carefully explain to the jury that it is their duty to determine the facts and he must not leave the jury with the impression that they are bound by his comments.

■ Normally, if the appropriate cautionary instructions are given it is made clear to the jury that they are the final arbiters of the credibility of witnesses and there will be no reversible error. Fletcher v. United States, 313 F.2d 137, 139 (9th Cir.), cert. denied, 374 U.S. 812, 83 S.Ct. 1704, 10 L.Ed.2d 1035 (1963); United States v. Blair, 456 F.2d 514, 519 (3rd Cir. 1972).

■ However, there are some situations where the comments by the court are so prejudicial that they cannot be cured by the appropriate instructions. For example, in Quercia, supra the trial judge told the jury that he noticed that the defendant wiped his hands while he was testifying. The court stated that this was almost always an indication of lying and therefore he believed his testimony was a lie. The Supreme Court considered this comment improper and the error was not cured by the statement of the trial judge that his opinion of the evidence was not binding on the jury. The rationale behind this decision was that the comments were of a sort most likely to remain firmly lodged in the memory of the jury. Thus, comments which leave the jury with the impression that they are not free to perform their traditional fact-finding function are improper even if curative instructions are given.[2]

2. United States v. Dopf, 434 F.2d 205 (5th Cir. 1970), and United States v. Dunmore, 446 F.2d 1214 (8th Cir. 1971), cert. denied, 404 U.S. 1041, 92 S.Ct. 726, 30 L. Ed.2d 734 (1972) are other examples of situations where the trial court's comments have been held to be improper despite the presence of cautionary instructions. In each of those cases, the comments effective-ly deprived the jury of its exclusive right to determine credibility because the comments came close to directing a verdict against the defendant, or there was a constant emphatic repetition that there was ample evidence to convict. In the instant case we are not presented with such egregiously prejudicial situations.

**380**

In the present case, the proper cautionary instructions were given. The court repeatedly informed the jury that they were not bound by any of his comments and that they were the sole judges of credibility. As we stated earlier, the presence of these instructions normally precludes a finding of prejudicial error. United States v. Gaines, 450 F.2d 186, 191 (3rd Cir. 1971), cert. denied, 405 U.S. 927, 92 S.Ct. 978, 30 L.Ed.2d 801 (1972).

However, appellants contend that we are presented with a situation, like *Quercia,* where the comments were so prejudicial that they could not be cured. We disagree. An examination of the disputed comment, viewed in the light of the complete charge, compels us to conclude that although the comments were unnecessary and inadvisable, they do not fall under the condemnation of *Quercia.* Further, unlike United States v. Persico, 349 F.2d 6 (2nd Cir. 1965) and United States v. Dichiarinte, 385 F.2d 333 (7th Cir. 1967), cert. denied, 390 U.S. 945, 88 S.Ct. 1029, 19 L.Ed.2d 1133 (1968) on which appellants rely heavily, the comments here did not preclude dispassionate consideration of the evidence by the jury. Nor did the court preclude the jury from fairly evaluating appellants' defense. The court's comment did not expressly single out any particular witness or group of witnesses. It was inevitable that the jury would conclude that the agents or the alibi witnesses were not telling the truth since they directly contradicted each other. We doubt that the judge's remark had any prejudicial tendency, but even if it did "the warnings here were given carefully and often and were sufficient to overcome the prejudicial tendency . . ." United States v. Carrion, 463 F.2d 704, 709 (9th Cir. 1972).

Affirmed.