897 F.2d 534
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
William G. WEBSTER, Defendant-Appellant.
 No. 89-10192.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1990.
Decided March 7, 1990.
 Before WALLACE, ALARCON and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Webster appeals from a judgment of conviction for federal bank robbery. He contends that the trial court improperly commented on the evidence and that he was thereby denied a fair trial. We affirm.
 
 DISCUSSION
 
 3
 It is within a trial court's "province ... to assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence, by drawing their attention to the parts of it which [the court] thinks important...." Quercia v. United States, 289 U.S. 466, 469 (1933). The court's discretion, however, is not limitless. We review the trial court's comments to determine "whether the judge has made 'it clear to the jury that all matters of fact are submitted to their determination.' " United States v. James, 576 F.2d 223, 228 (9th Cir.1978) (quoting Quercia, 289 U.S. at 469). A new trial is required only if the judges's participation "shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality." United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988).
 
 
 4
 The comments here were made as a part of the instructions to the jury. We must therefore also examine the instructions as a whole to determine if they were misleading or inadequate to guide the jury's deliberations. United States v. Kessi, 868 F.2d 1097, 1101 (9th Cir.1989). We conclude that two of the disputed comments when taken in context actually favored Webster's position or at least were neutral in effect. The judge told the jury that it should not rely solely on a positive photographic identification but should also look for other evidence presented in making its determination. Similarly, the judge cautioned the jury to rely on the government's handwriting expert's opinion only if the jury believed that the opinion was adequately supported by the evidence. Neither of these comments could cause the jurors to believe that they were not the ultimate triers of fact or that the trial court was biased or partial against the defendant.
 
 
 5
 The court's other comments about the bank tellers' failure to describe uniformly the robber were well within the bounds of proper comment. They were neutral and constituted an observation that any reasonable juror would accept. Cf. United States v. Carlos, 478 F.2d 377, 379 (9th Cir.1973) (noting that a court's comment may be so prejudicial that it cannot be cured by appropriate instructions). The court directed the jury that "[i]t's going to be your duty to decide what really happened here, decide what the facts are in this case." RT 423. Later the court stated that "I want to remind you again that you are not to base your decision in any way on the comments that I may have made about the evidence in the case.... You make up your mind just from the testimony that you heard, from the exhibits that have come in, and from the stipulations that have been entered into by the parties." RT 424. Finally, after the comments at issue were made, the trial court again stated that the jury had the sole responsibility to decide the facts and resolve the case:
 
 
 6
 What I'm really telling you is that it's up to you to decide, as to every witness, expert or otherwise, how much you want to believe, how much you want to disbelieve, how much credibility and weight you place on the evidence presented by any witness. It's your job to weigh it and to appraise it and to arrive at a just conclusion in the case.
 
 
 7
 RT 436.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3