NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 5 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LETICIA BARRON,

Plaintiff-Appellant,

v.

STATE OF CALIFORNIA; et al.,

Defendants-Appellees.

No.   19-55127

D.C. No.
8:17-cv-01275-JVS-KES

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted December 10, 2021
Pasadena, California

Before:  W. FLETCHER, RAWLINSON, and OWENS, Circuit Judges.

Leticia Barron brought a 42 U.S.C. § 1983 action alleging that California

Highway Patrol Officer Daniel Agee used excessive force when he shot and killed

her son.  She now appeals from the district court's judgment following a jury

verdict in favor of the defendants, and she seeks a new trial on the grounds that (1)

the trial judge made an improper comment during the testimony of Barron's

---

*   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

forensic expert, Jeffrey Boxer, and (2) defense counsel, in his closing argument, improperly vouched for the credibility of Officer Agee. As the parties are familiar with the facts, we do not recount them here. Reviewing Barron's unpreserved procedural objections for plain error, *see Draper v. Rosario*, 836 F.3d 1072, 1084-85 (9th Cir. 2016), we affirm.

1. Barron argues that the trial judge's interjection in the middle of Boxer's testimony—that in evaluating a witness's credibility, the jury may "consider the manner in which the witness is testifying,"—was an improper comment on Boxer's credibility. Although the instruction itself was a partial restatement of Ninth Circuit Model Civil Jury Instruction No. 1.14, the timing may give rise to an inference that the manner in which Boxer was testifying at that moment warranted special scrutiny and reflected poorly on his credibility.

But even so construed, the trial judge's instruction was not plainly erroneous. It is well-established that a trial judge may "assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence, by drawing their attention to the parts of it which he thinks important," and by "express[ing] his opinion upon the facts." *Quercia v. United States*, 289 U.S. 466, 469 (1933); *accord Navellier v. Sletten*, 262 F.3d 923, 942-43 (9th Cir. 2001) (citing *Quercia* for the same proposition). And the range of permissible commentary may even include "a general appraisal of the credibility of witnesses, or the singling out of a

2

specific witness." *United States v. Carlos*, 478 F.2d 377, 379 (9th Cir. 1973). The trial judge errs only if he fails to "make[ ] it clear to the jury that all matters of fact are submitted to their determination," adds to the evidence, or distorts it. *Quercia*, 289 U.S. at 469-70.

The trial judge did not fail to make it clear that the matter of Boxer's credibility was submitted to the jury's determination, because that clarification is the very substance of the comment at issue. Nor did he add to the evidence or distort it, because the insinuation that Boxer's manner of testifying might reflect poorly on his credibility was a fair and accurate account of his performance on the witness stand. Boxer attempted to place an excerpt from a book not admitted into evidence on the courtroom projector, despite Barron's lawyer explicitly instructing him not to do so. And he repeatedly failed to answer or gave evasive responses to defense counsel's questions on cross-examination, forcing the trial judge to admonish him on two occasions.

In any event, the comment likely did not affect the outcome of the district court proceedings, and hence was not prejudicial under plain error review. *See Hoard v. Hartman*, 904 F.3d 780, 790-91 (9th Cir. 2018). Boxer had admitted that he had no specialized training in differentiating knife wounds from bullet wounds; no advanced degree in math, physics, or any science; had never worked in a crime lab; had never attended an autopsy; and had only ever worked on one case where

3

he was called upon for forensic work. It is likely that the jury would not have been persuaded by his testimony, even without the trial judge's insinuations about his manner while testifying.

2. Barron next contends that defense counsel improperly vouched for Officer Agee's credibility when he made the following remarks in his closing argument: "I think Officer Agee's testimony was consistent. He remembers this. This is seared in his mind. This was a traumatic event for Officer Agee. He will never forget this. But he remembers it because it's seared in his memory." These statements do not constitute improper vouching, and in any event, they are not plainly erroneous.

We recently clarified that in the context of civil jury trials, a lawyer improperly vouches for the credibility of a witness if he suggests that information outside the record supports the witness's testimony. *See Draper*, 836 F.3d at 1084. We have cautioned, however, that lawyers "must have reasonable latitude to fashion closing arguments, and thus can argue reasonable inferences based on the evidence, including that one of the two sides is lying." *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993); *see also Draper*, 836 F.3d at 1083-84.

Defense counsel stated that the deadly confrontation with Barron's son was "seared in [Officer Agee's] memory" and that he will "never forget" it. While

Officer Agee never made those exact statements, they are a reasonable inference from Agee's detailed recollection of what transpired. Barron compiles a list of Agee's lapses of memory in an attempt to demonstrate the unreasonableness of defense counsel's inference. But the thrust of defense counsel's comment was that Agee remembers the events well because he experienced them, not that his recollection was flawless.

In any event, the comments were not prejudicial. As mentioned earlier, there were other compelling reasons for the jury to find Boxer's testimony not credible vis-à-vis Officer Agee's and thus find the defendants not liable. Moreover, the purportedly improper vouching was limited to a single comment in defense counsel's closing argument. *See Settlegoode v. Portland Pub. Schs.*, 371 F.3d 503, 520 (9th Cir. 2004); *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1107 (9th Cir. 1991). And the jury had the opportunity to judge for itself the quality of Officer Agee's memory through extensive direct-, cross-, re-direct-, and re-cross-examination over the course of two days. Consequently, the effect of defense counsel's statement on the jury was likely minimal.[1]

**AFFIRMED.**

---

[1] As neither the trial judge's comments nor defense counsel's statements were errors, their cumulative effect does not warrant reversal.

5