NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 9 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL KING; DEBORAH J. KING,

Plaintiffs - Appellants,

v.

DEPUY ORTHOPAEDICS, INC.; DEPUY
PRODUCTS INCORPORATED; DEPUY
SYNTHES INCORPORATED; JOHNSON
& JOHNSON INC.; JOHNSON &
JOHNSON SERVICES; JOHNSON &
JOHNSON INTERNATIONAL,

Defendants - Appellees.

No. 24-5040

D.C. No.
2:23-cv-00196-SMB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Argued and Submitted September 15, 2025
Phoenix, Arizona

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.
Dissent by Judge COLLINS.

Michael King and Deborah King ("appellants") appeal the Final Judgment

entered by the district court following the conclusion of a trial during which the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

jury found in favor of DePuy Orthopaedics, Inc. et al. ("appellees"). In particular, they argue that the district court abused its discretion by issuing a curative instruction to the jury related to the testimony of one of appellants' witnesses, Dr. Mullen. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"We review discovery sanctions for abuse of discretion and the district court's underlying findings of fact for clear error." *Jones v. Riot Hosp. Grp. LLC*, 95 F.4th 730, 734 (9th Cir. 2024). "Whether the district court applied the correct legal standards in imposing sanctions raises a question of law that we review de novo." *Gregory v. State of Montana*, 118 F.4th 1069, 1076 (9th Cir. 2024). We review the district court's formulation of jury instructions for abuse of discretion. *See Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1012 (9th Cir. 1999).

Appellants contend that the district court erred in two ways: (1) by instructing the jury that "[t]here was an effort to withhold Dr. Mullen's compensation from defendant and the jury"; and (2) informing the jury that "[t]he excessive and undisclosed payments to Dr. Mullen may have affected the credibility of his testimony."

Under Federal Rule of Civil Procedure 37(c)(1), if a party does not provide information regarding a witness as required under Rule 26(a) or (e), the district court may impose a range of discovery sanctions such as informing the jury of the party's failure to comply with these obligations. Fed. R. Civ. P. 37(c)(1). At oral

2                                                    24-5040

argument, appellants conceded that they were under a duty to supplement their prior discovery responses as to Dr. Mullen at the time of trial. Appellants, however, argued that they did not believe that the payments to Dr. Mullen fell within the scope of appellees' prior discovery request for "copies of all forms of communication between Plaintiff and/or Plaintiff's attorney(s) and Plaintiff's orthopaedic surgeons" because the payments were not "communications."

Appellants' arguments are unavailing. Payments to Dr. Mullen fell within the scope of appellee's discovery request, and appellants had communications with Dr. Mullen in their possession. The district court was therefore authorized by Rule 37(c)(1) to issue a curative instruction to the jury.

Our focus upon review is whether the jury instructions, when viewed as a whole, were "misleading or represented a statement inadequate to guide the jury's deliberations." *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1991) (quoting *United States v. Kessi*, 868 F.2d 1097, 1101 (9th Cir. 1989)); *see also United States v. Soulard*, 730 F.2d 1292, 1303 (9th Cir. 1984) ("A trial court is given substantial latitude in tailoring jury instructions so long as they fairly and adequately cover the issues presented." (citing *United States v. Abushi*, 682 F.2d 1289, 1299 (9th Cir. 1982))). We find that the district court did not abuse its discretion. The curative instruction was neither misleading nor inadequate to guide the jury. The district court's instruction made it clear that it was the jury's role to

3                                                           24-5040

"assess[] the veracity of Dr. Mullen's testimony," and merely provided the jury with information to consider in making that assessment.

Regardless, our precedent holds that instructions or comments to a jury, even if potentially misleading or prejudicial, are generally not an abuse of discretion when paired with "appropriate cautionary instructions." *United States v. Carlos*, 478 F.2d 377, 379 (9th Cir. 1973) ("Normally, if the appropriate cautionary instructions are given it is made clear to the jury that they are the final arbiters of the credibility of witnesses and there will be no reversible error."). Here, the district court judge provided a cautionary instruction to the jury that stressed their role as the final arbiters of fact. This was sufficient to cure any potential impropriety in the jury instructions.[1] *See Navellier v. Sletten*, 262 F.3d 923, 943 (9th Cir. 2001) ("[E]ven if the comment could be considered prejudicial, any prejudice was cured by the court's contemporaneous curative instruction and the final jury instructions, which stressed that the jurors were the sole judge of the facts.").

We **AFFIRM** the Final Judgment.

---

[1] For this reason, we respectfully disagree with the dissent's conclusion that the district court committed reversible error, even if we were to assume the district court's jury instructions were "prejudicially 'misleading.'"



*King v. DePuy Orthopaedics, Inc.*, No. 24-5040

COLLINS, Circuit Judge, dissenting:

I agree with the majority's conclusion that the conduct of Plaintiff's counsel below was sufficient to trigger the district court's authority to give a curative instruction concerning the issue of the payments made to Dr. Mullen. At oral argument in this court, Plaintiff's counsel agreed that Plaintiff's discovery obligations were continuing during the relevant time frame. Taking that conceded premise as correct for purposes of this appeal, I agree that the district court properly concluded that Plaintiff violated those continuing obligations by failing to produce communications between Dr. Mullen and Plaintiff's counsel revealing the "astronomical" payment made by Plaintiff's counsel to Dr. Mullen. *See* Memo Dispo. at 2–3. Accordingly, I agree that the district court had authority to impose an appropriate corrective sanction, including a curative instruction. *See* FED. R. CIV. P. 37(c)(1). But the district court committed reversible error in giving the particular curative instruction that it did, because the instruction was prejudicially "misleading." *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1991) (citation omitted).

The problem with the court's instruction is that it misleadingly suggested that *Dr. Mullen* had been involved in the failure to disclose the payment, when there was simply no factual basis for that implication. The instruction stated that,

"[i]n assessing the veracity of Dr. Mullen's testimony, the jury should consider that: (1) There was an effort to withhold Dr. Mullen's compensation from defendant and the jury; and (2) The excessive and undisclosed payments to Dr. Mullen may have affected the credibility of his testimony." The use of the passive voice in the first clause ("there was an effort" to withhold information "from . . . the jury"), coupled with the statement that the "undisclosed" payments "may have affected the credibility of his testimony," most naturally suggests that Dr. Mullen was in on the effort to withhold the payments. (Why else would these "*undisclosed* payments" "affect[] the credibility of his testimony"?) But nothing in the record supports such a suggestion. On the contrary, Dr. Mullen properly disclosed the payments when directly asked in cross-examination.

The district court's error was not harmless. "For ordinary trial errors, such as when the district court improperly instructs the jury, the party prevailing below need only demonstrate that 'it is more probable than not that the jury would have reached the same verdict had it been properly instructed.'" *Chinaryan v. City of Los Angeles*, 113 F.4th 888, 903 (9th Cir. 2024) (citation omitted). On this record, Defendant has failed to establish harmless error. First, Defendant heavily emphasized the curative instruction during closing arguments. Defendant's trial counsel argued that the curative instruction was "one of the most important" and "critical" instructions from the court because "it tells you a lot about what's going

2

on in this case." Second, Defendant used the curative instruction to argue that Dr. Mullen's testimony should be disbelieved with respect to key merits issues in the case. Third, Defendant's counsel affirmatively urged the jury to draw the false inference that Dr. Mullen was responsible for the withholding of the information about the payments, arguing that his testimony was "not truthful" because "*he didn't disclose to you* that he was getting paid 20 grand for two hours" (emphasis added). Fourth, the remaining evidence at trial did not so overwhelmingly favor Defendant as to render this error harmless.

In finding harmlessness, the majority contends that the district court "provided a cautionary instruction to the jury that stressed their role as the final arbiters of fact." *See* Memo. Dispo. at 4 & n.1. To the extent that the majority's phrasing might be read to suggest that the district court provided a "cautionary" instruction that was tailored to its curative instruction concerning Dr. Mullen, that insinuation is false: the "cautionary" language the majority references is simply the standard instruction about the jury's duty to find the facts based on the evidence. That sort of boilerplate instruction could not cure the relevant prejudice in this case. The problem here is that the district court's flawed instruction concerning Dr. Mullen communicated to the jury *the district court's finding* that "[t]here *was* an effort to withhold Dr. Mullen's compensation from defendant and the jury," and that court finding was inescapably based on facts (such as the details of the

3

discovery process and the parties' obligations under that process) *that were not presented to the jury*.  The jury was thus provided with a court-found "fact" that misleadingly suggested that Dr. Mullen was a party to the deception, and the jury was instructed to take that fact as true without knowing the underlying facts on which it was based.  As a result, the jury lacked any basis to detect, much less independently evaluate, the erroneous nature of the district court's misleading instruction, and the prejudice here therefore could not be cured by the mere giving of a standard instruction that it is the jury's role to find the ultimate facts.  Put simply, the jury's ability to carry out its fact-finding role in this case was distorted by the court's flawed instruction, and nothing else in the instructions cured that.

Accordingly, I would reverse the district court's judgment and remand for a new trial.  I respectfully dissent.